SAMUEL CANNON, ASSESSOR OF SCHOOL DISTRICT No. 5, PINE
     TOWNSHIP v. JOSEPH WILCOX, SUPERVISOR.

*School districts—Division of territory and of property.*

A township board has jurisdiction of appeals from decisions of the board
     of school inspectors fixing the amount to be paid by an old school
     district to a new one where the latter comprises part of the same
     territory, and the former retains the school property.    Comp. L.
     §§ 3644, 3734.

Whether a board of school inspectors is competent to fix the amount to
     be paid by a district for school property which it retains when
     another district is set off from it, so long as the actual ownership of
     the property is in doubt—Q.

MANDAMUS.    Submitted April 14.    Denied June 7.

*Ellsworth & Sapp* for relator.

*John Lewis* for respondent.

GRAVES, C. J.    This is a hearing on an order to show
cause why a *mandamus* should not issue.    The case set up
by the relator in his application is briefly to the effect that
the school inspectors in 1879 organized school district No.
5 and in so doing detached a part of the territory of school
district No. 1 to make up the requisite territory for the new
district; that said district No. 1 owned a valuable school
building and some other property, a share of the value
whereof was due to the new district from the old one; that
the inspectors accordingly settled the amount at $445 and
all needful steps were taken to fix the respondent with the
duty to lay a tax on the district for the sum ascertained by
the inspectors, but he positively refused.    The case is sub-
mitted on the application, and the answer of the respondent,
accompanied by an affidavit made by the township clerk
who officiated with the inspectors when they assumed to
find what amount it was incumbent on the old district to
pay to the new one; and on another paper subscribed by

relator's attorneys and called a replication, wherein among other things it is said that relator demands a trial of the matters set forth in said petition and answer.

The record is singular. The parties seem to be at variance in respect to certain facts and at the same time in a state of expectation that something decisive may be done before they are settled, and on a scrutiny of the record there appears to be a point of law which may be safely adjudicated on this hearing and the result of which will put an end to this proceeding.

The respondent's answer is understood as admitting the determination by the inspectors that the share to be paid by the old district to the new one on account of school building and district property was $445. At the same time the answer sets up that the property in question was not owned by the district but by private persons and that the inspectors acted without information on this subject and on mere assumption, and this statement is supported by the affidavit of the township clerk who acted with the inspectors and as one of the board. The answer further shows that an appeal to the township board was taken from the finding of the inspectors of the amount payable from the old district to the new one, and that the appeal was entertained and the decision of the inspectors reversed.

The relator is understood as admitting that the proceedings for appeal were pursued and in proper form, and that the township board assumed jurisdiction and ordered a reversal. But his point of contention is that the statute gives no authority for an appeal in such a case and that the taking cognizance of the subject was mere usurpation.

The claim is set up that a decision by the inspectors liquidating the sum to be paid by one district to another in such circumstances is final and conclusive, and hence that the reversal by the township board is void and the determination by the inspectors binding and of imperative force. It is not to be assumed that school inspectors have any jurisdiction to attempt a liquidation where the ownership of the school house or other property is the subject of *bona fide*

controversy. There is much room for thinking that they
have not received power to judge any question so difficult
and imposing as the ownership of school district property,
nor power to go on, and without regard to the actuality of
such ownership, fix a district with liability. And it may
be that the provision for the inspectors to find the amount
to be paid by a district tacitly carries with it the condition
precedent that the ownership is conceded or has been
settled by a competent tribunal. The question is not
material now. The relator bases his denial of power in the
township board to hold appellate jurisdiction, on the peculiar
language of the statute. The only provisions it is neces-
sary to notice are Comp. L. §§ 3644 and 3734, and they
appear below.*

The argument is that an appeal is given only against some
"action, order, or decision of the board of school inspectors
with reference to the formation, division or consolidation

---

* "Sec. 3644. When a new district is formed, in whole or in part
from one or more districts possessed of a school house, or entitled to
other property, the inspectors, at the time of forming such new district,
or as soon thereafter as may be, shall ascertain and determine the amount
justly due to such new district from any district out of which it may have
been in whole or in part formed, as the proportion of such new district
of the value of the school house and other property belonging to the
former district, at the time of such division ; and whenever, by the divi-
sion of any district, the school house or site thereof shall no longer be
conveniently located for school purposes, and shall not be desired for
use by the new district in which it may be situated, the school inspectors
of the township in which such school house and site shall be located,
may advertise and sell the same, and apportion the proceeds of such sale,
and also any moneys belonging to the district thus divided, among the
several districts erected in whole or in part from the divided district.

"Sec. 3734. *The People of the State of Michigan* enact, That when-
ever any five or more tax-paying electors, having taxable property within
any school district, shall feel themselves aggrieved by any action, order,
or decision of the board of school inspectors, with reference to the form-
ation, or any division or consolidation, of said school district, they may, at
any time within sixty days from the time of such action on the part of
said school inspectors, appeal from such action, order, or decision,
of said board of school inspectors, to the township board or boards
of the township in which such school district is situated; and in case
of fractional school districts, such appeal shall be made to the several
township boards of the several townships in which the different parts of
said fractional school district are situated, who shall have power, and
whose duty shall be, to entertain such appeal, and review, confirm, set
aside, or amend the action, order, or decision of the board of school
inspectors thus appealed from; or, if in their opinion the appeal is
frivolous, or without sufficient cause, they may summarily dismiss the
same."

of a school district"; and that the finding, made by the school inspectors on this occasion, that $445 was due from the old district, was not "any action, order, or decision *with reference to the formation, division, or consolidation*" of a district. This view is quite too refined. The statute contemplates the adjustment of the amount as connected with the alteration of territory and as proper to be made at the same time. The equitable partition of the interests in the corporate property is a sequel of the division of the corporate territory, and the former is fairly an action having relation or "*reference*" to the latter.

It would not be easy to find a reason for the allowance of an appeal in one case and not in the other; neither would it be easy to discover what purpose the Legislature could have had in using the circuitous description of the cases of appeal, unless it was the object to extend the right not only to the *formation, division* and *consolidation* of districts, but also to such proceedings incidental thereto as the act in question. The township board had jurisdiction of the subject, and as we view the case this conclusion disposes of the present application adversely to the relator.

The petition is therefore denied with costs against the relator.

The other Justices concurred.